UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PEGGY JEAN KENDALL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:14-CV-01950-SPM |
| WASHINGTON COUNTY MEMORIAL HOSPITAL; MERCY HOSPITAL JEFFERSON d/b/a/ JEFFERSON MEMORIAL HOSPITAL, | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Dismiss filed by Defendant Mercy Hospital Jefferson. (Doc. 10). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 20). For the reasons discussed below, the Court will deny Defendant Mercy Hospital Jefferson's motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND** [1]

Plaintiff is a deaf individual who communicates primarily in American Sign Language. From November 27 through December 3, 2012, she was admitted to a hospital and underwent surgery on her knees. Plaintiff alleges that the hospital discriminated against her on the basis of her disability by, *inter alia*, failing to provide her with on-site qualified sign language interpreters before and after her surgical procedure.

---

[1] Because the instant motion to dismiss involves only one defendant, Mercy Hospital Jefferson, the Court omits facts relevant only to the other defendant, Washington County Memorial Hospital.

1

At the time of Plaintiff's treatment in late 2012, the hospital where she was treated was known as Jefferson Regional Medical Center, which was the registered fictitious name of The Jefferson Memorial Hospital Association. Pl.'s Ex. A, Doc. 22-1. On February 15, 2013, The Jefferson Memorial Hospital Association amended its articles of incorporation to change its name to Mercy Hospital Jefferson. Pl.'s Ex. B, Doc. 22-2. On April 30, 2013, the fictitious name of "Jefferson Regional Medical Center" was cancelled. Pl.'s Ex. C, Doc. 22-3.

On May 16, 2013, Plaintiff filed a complaint with the Missouri Commission on Human Rights ("MCHR"), alleging disability discrimination and naming "Jefferson County Memorial Hospital" as the respondent. Pl.'s Ex. D, Doc. 22-4. On November 20, 2014, Plaintiff filed the instant action, naming as a defendant "Mercy Hospital Jefferson d/b/a Jefferson Memorial Hospital."[2] Plaintiff alleges that MHJ discriminated against her on the basis of her disability in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.*; the Rehabilitation Act of 1973, 29 U.S.C. § 794; and the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010 *et seq.*

## II. DISCUSSION

MHJ brings its motion to dismiss on two grounds. First, MHJ contends that all of Plaintiff's claims against it should be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2). Second, MHJ argues that Plaintiff's MHRA claim against it should be dismissed for the additional reason that Plaintiff failed to exhaust her administrative remedies due to her failure to name MHJ as a respondent in her MCHR complaint.

---

[2] In her Complaint, Plaintiff also sometimes refers to MHJ's d/b/a designation as "d/b/a Jefferson County Memorial Hospital."

2

## A. Motion to Dismiss All Claims Against MHJ for Lack of Personal Jurisdiction

MHJ first moves to dismiss Plaintiff's claims against it under Rule 12(b)(2) for lack of personal jurisdiction. MHJ argues that this Court does not have personal jurisdiction over it because it was formed in 2013, it did not yet exist at the time of Plaintiff's allegations, and it cannot be the proper party to sue. MHJ also points out that Plaintiff incorrectly indicated in her Complaint that MHJ's "d/b/a" designation was "Jefferson Memorial Hospital."

Due process requires that before a court exercises personal jurisdiction over a defendant, the defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). For jurisdiction to be proper, the defendant's conduct and connection with the forum state must be such that it "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Personal jurisdiction may be either general (existing as to all causes of action involving a defendant) or specific (existing only as to a cause of action arising from or related to a defendant's actions within the forum state). *See Viasystems, Inc. v. EBM-Pabst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593-595 (8th Cir. 2011). A court may assert general jurisdiction over a corporation in a forum "in which the corporation is fairly regarded as home." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (internal quotation marks omitted). "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Id.*

MHJ offers no argument or authority to suggest that the above personal jurisdiction requirements are not satisfied. MHJ is a corporation incorporated in Missouri with its

principal place of business in Missouri. Thus, it is clear that this Court has general personal jurisdiction over MHJ. *See Daimler*, 134 S. Ct. at 760.

The issue of whether MHJ can be held liable for Plaintiff's allegations despite the fact that it was not formed until 2013 is a question for another day. That issue is not the proper subject of a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2). Moreover, MHJ has not presented the Court with the information that would be necessary to resolve that issue, such as evidence regarding MHJ's relationship to the hospital where Plaintiff was treated and legal argument regarding the relevance of that evidence to MHJ's current legal liabilities under Missouri corporate law.

For all of the above reasons, MHJ's motion to dismiss for lack of personal jurisdiction under 12(b)(2) will be denied.

### B. Motion to Dismiss MHRA Claim for Failure to Exhaust Administrative Remedies

MHJ also moves to dismiss the MHRA claim against it on the ground that Plaintiff failed to exhaust her administrative remedies. MHJ contends that because Plaintiff named "Jefferson County Memorial Hospital" as the respondent in the MCHR Complaint instead of "Mercy Hospital Jefferson," Plaintiff has failed to exhaust her administrative remedies as required by the MHRA. The Court disagrees.

Although MHJ did not expressly state the rule under which it made this motion, the Court construes it as a motion for failure to state a claim under Rule 12(b)(6). *See, e.g.*, *Thomas v. Nash*, No. 4:14CV1993ERW, 2015 WL 1222396, at *2 (E.D. Mo. Mar. 17, 2015) (stating that failure to exhaust administrative remedies under the MHRA may lead to "dismissal of any subsequent civil claims . . . pursuant to Rule 12(b)(6)"). When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the factual allegations in

4

the complaint, but it need not accept legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In order to bring a civil action under the MHRA, a plaintiff must first exhaust all of her administrative remedies. *Tart v. Hill Benham Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994); *Reed v. McDonald's Corp.*, 363 S.W.3d 134, 143 (Mo. Ct. App. 2012); *Coleman v. Mo. Sec'y of State*, 313 S.W.3d 148, 154 (Mo. Ct. App. 2010). This means that "a party must timely file an administrative complaint with MCHR and either adjudicate the claim through MCHR or obtain a right-to-sue letter." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000); *see also* Mo. Rev. Stat. § 213.111(1). The Missouri Supreme Court has explained that the exhaustion requirement serves two purposes: providing notice to the charged party, and affording the charged party an opportunity to achieve voluntary compliance through conciliation while avoiding litigation. *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669 (Mo. 2009).

The MHRA provides, in relevant part:

Any person claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with the commission a verified complaint in writing . . . which **shall state the name and address of the person alleged to have committed the unlawful discriminatory practice** and which shall set forth the particulars thereof and such other information as may be required by the commission . . .

Mo. Rev. Stat. § 213.075(1) (emphasis added). Thus, when a plaintiff fails to identify a particular individual in her administrative charge, the Court should generally dismiss any subsequent MHRA claims against that individual pursuant to Rule 12(b)(6) for failure to exhaust administrative remedies. *Thomas*, 2015 WL 1222396, at *2; *Hill*, 277 S.W.3d at 669-70. However, if permitting suit would not frustrate the purposes behind the exhaustion requirement, then the failure to name an individual in the administrative charge does not require dismissal. *Hill*, 277 S.W.3d at 669. Thus, a suit may still proceed against an individual not named in an administrative charge if there is a "sufficient identity of interest" between the named and unnamed parties. Id.; *Thomas*, 2015 WL 1222396, at *2. In *Hill*, the Missouri Supreme Court stated that whether such identity of interest exists depends on a balancing of four factors:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the [MCHR] complaint; 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the [MCHR] proceedings; 3) whether its absence from the [MCHR] proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Hill*, 277 S.W.3d at 669-70 (quoting *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977)).

The Court doubts that the *Hill* factors should even apply in this case. The factors were designed to determine whether there is a sufficient identity of interest between a named and an unnamed party; here, by contrast, there is only one involved party, which was misnamed in the MCHR Complaint. The purposes behind the exhaustion principle (namely, to afford an unnamed party notice and to allow it to participate in administrative proceedings), would not

seem to be served by finding a failure to exhaust in this case. This is because MHJ appears to have actually participated in the MCHR investigation. As Plaintiff alleges in her Memorandum in Opposition to Defendant's Motion to Dismiss, "Defendant [MHJ] knew that Plaintiff used the name Jefferson County Memorial Hospital [in the MCHR Complaint] as the entity she believed was the proper party against whom to make her claim, but Defendant [MHJ] never once suggested to Plaintiff or the MCHR that the name she was using was incorrect." (Doc. 22). MHJ's pleadings are silent on this issue. Were the Court to require technical exhaustion even when MHJ (as the unnamed party) received actual notice of the allegations and an opportunity to participate in the relevant administrative proceedings, it would ignore the Missouri Supreme Court's instruction that compliance with the technical procedures for exhaustion should not be required "when demanding full and technical compliance would have no relation to the purposes for requiring those procedures in the first instance." *Hill*, 277 S.W.3d at 670 (quoting *Glus v. G. C. Murphy Co.*, 562 F.2d 880, 888 (3rd Cir. 1977)); *see also Wilson v. Duckett Truck Ctr.*, No. 1:12CV85SNLJ, 2013 WL 384717, at *3 (E.D. Mo. Jan. 31, 2013) (administrative remedies deemed exhausted against parties not named in administrative complaint when "the goals of giving notice and providing an avenue for compliance have been [otherwise] met.").

Even if the *Hill* factors do apply, the Court finds that there is a sufficient identity of interest between "Jefferson County Memorial Hospital" and "Mercy Hospital Jefferson" such that Plaintiff exhausted her administrative remedies. The first factor favors dismissal, because there is no apparent reason why Plaintiff could not have, through reasonable effort, ascertained the role of "Mercy Hospital Jefferson" in the conduct underlying her allegations. MHJ's proper corporate name had been filed and could have been ascertained by Plaintiff. In

7

fact, Plaintiff clearly did do this before filing the instant action, as she named MHJ in her Complaint.

The second factor favors exhaustion: the interests of "Jefferson County Memorial Hospital" and "Mercy Hospital Jefferson" are identical, because they appear based on the current record to be merely two names for the same entity.

The third factor likewise supports finding exhaustion because, as discussed previously, it does not appear that MHJ was even absent from the MCHR proceedings, and therefore it was not prejudiced by Plaintiff's failure to correctly name it in the MCHR complaint. *See Wilson*, 2013 WL 384717, at *4 (no prejudice resulted to unnamed parties when they were actually questioned as part of the administrative proceedings).

Finally, the fourth factor weighs in favor of neither party. Under this factor, Courts typically ask whether the unnamed party held itself out to the Plaintiff "as the virtual alter ego" of the named defendant. *Jackson v. Mills Props.*, No. 4:11CV419SNLJ, 2011 WL 3607920, at *3 (E.D. Mo. Aug. 12, 2011). Here, nothing in the pleadings suggests that MHJ represented to Plaintiff that "Jefferson County Memorial Hospital" was its alter ego. However, MHJ evidently had the opportunity to clear up Plaintiff's confusion during the administrative proceedings, yet failed to do so. Thus, although there is no indication that MHJ caused Plaintiff's confusion, MHJ does seem to have prolonged it despite the opportunity to correct her mistake.

In sum, both because the policy goals behind the exhaustion requirement are satisfied and because there is a sufficient identity of interest between "Jefferson County Memorial Hospital" and "Mercy Hospital Jefferson," Plaintiff has exhausted her administrative remedies against MHJ under the MHRA.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that MHJ's Motion to Dismiss (Doc. 10) is **DENIED**.

Dated this 17th day of June , 2015.

/s/ Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE